No. 61.—HARRISON & SEWARD, plaintiffs in error, *vs.* CÆSAR A. SAVAGE, defendant in error.

[1.] A party suing a third person for goods furnished on his recommendation, must make it appear in evidence that the recommendation was made to himself or his agent, or to some one else who communicated such recommendation, for the purpose of obtaining the credits.

Deceit, in Lee Superior Court. Tried before Judge WOR-RILL, March Term, 1855.

This action was for false representations as to the credit of one P. B. Bond. The declaration averred that plaintiff gave the credit by reason of representations made by defendant to plaintiff "and others." On demurrer, the Court held that the names of the others should be set out in full. This is the first error assigned.

On the trial, plaintiff offered in evidence his day-book—after making the usual preliminary proof, for the purpose of giving in evidence an entry, to show that the notes mentioned in plaintiff's declaration were given in liquidation of the account made by P. B. Bond. The Court rejected this evidence, and this is the second error assigned.

MORGAN, for plaintiffs in error.

LYON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] This action is founded on alleged false representations made by defendant "to plaintiffs, Hansell W. Harrison and others," in respect to the credit and solvency of one Pembrake B. Bond, by which they were induced to sell Bond a bill of merchandize.

The defendant demurred to the declaration, on the ground that the names of the persons meant by the term "others", were not set out in the declaration. The Court suspended its decision on the demurrer, until the defendant's evidence was heard.

The plaintiffs then proposed to read the depositions of James W. Thornbury, Charles W. Rawson and John Jackson, but being objected to by defendant's Counsel, the objection was sustained by the Court, and Counsel for plaintiffs in error excepted; but no error is assigned on this exception.

The rejected evidence is made a part of the record, and we have looked into it, and there is nothing in it tending to prove that defendant ever made to plaintiffs, themselves, their agent, or to any one else who communicated them to plaintiffs, representations of any sort respecting Bond or his circumstances, or that he ever desired plaintiffs to extend a credit to him. In our judgment, the Court was right in ruling out the evidence.

It is unnecessary to go into the consideration, whether the

day-book was properly *rejected in this case*, on the ground that it was not the book of original entries, as no special exception to it, on that ground, appears in the record. The only purpose for which the day-book could have been received, lawfully, in evidence, was to ascertain the *quantum* of damages to which the plaintiffs were entitled, after they had established the fraud of the defendant, which constituted the ground of their action, There having been no evidence, whatever, of that, and no further testimony having been proposed, the day-book was properly rejected.

We cannot recognize the right of a party to act upon reported recommendations to others, of a particular person as being worthy of credit, when no application was made by the person recommending, in his behalf, and then to look for a solvent man, who may have spoken a word of kindness of an unfortunate friend, with no intention to deceive or defraud any one, and compel him to pay a debt which the merchant's incautious anxiety to sell, may have induced him to make.

It is another thing, when the debt is contracted on the recommendation of the party to the seller, either directly or indirectly. The case of *Young against Hall*, illustrates a case of a direct as well as indirect recommendation. Hall recommended Brooks to T. Holcombe & Co. This was a direct recommendation. Holcombe & Co. not being in business, exhibited Hall's letter to Young, who acted on it, though not addressed to him, and sold Brooks goods. This was an indirect recommendation, on the faith of which Young had a right to act.

The judgment of the Court below is affirmed.